**State of West Virginia ex rel. Matthew Harvey, Prosecuting Attorney, Petitioner,**
**v. The Honorable John C. Yoder, Circuit Judge, Twenty-Third Judicial Circuit;**
**and Gerald G. Rankin, Jr., Respondents**
**Supreme Court No. 17-0419**

**FILED**
**October 19, 2017**
**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Justice Ketchum concurring**:

I agree with the result in this case on both issues. On the first issue, I agree that the State is entitled to relief prohibiting evidence that M.Y. accused another man of sexual assault when she was eleven years old. On the second issue, I agree that Mr. Rankin should be allowed to cross-examine M.Y. on whether she stated that she had sex with someone else during the seventy-two hour period prior to Mr. Rankin's purchase of the Plan B pill. I concur to offer further discussion regarding the second issue.

In authorizing cross-examination by the defense to determine whether M.Y. said she had sex with someone else during the seventy-two hour period, the Majority points out that the circuit court ruled that Mr. Rankin would be required to accept M.Y.'s response of "yes" or "no" without further questioning. However, the circuit court's ruling that her "yes" or "no" response has to be accepted without further questioning is not before this Court. We were not asked to address whether Mr. Rankin must accept her "yes" or "no" answer.

1

Nevertheless, it is clear that the defense should not be bound by M.Y.'s one-word answer. Rule 611 of the West Virginia Rules of Evidence allows a witness to be cross-examined to test the credibility of the witness's responses made during direct examination. A more expansive cross-examination is also consistent with Rule 412(b)(1)(c) where the victim, *i.e.*, the prosecution, first makes the victim's previous sexual conduct an issue at trial. Moreover, if the defense herein is required to accept a response of "no" without further cross-examination, Mr. Rankin would need to decide whether to compromise his right to remain silent and take the stand to refute M.Y.'s response.